NORTH SIDE IRON WORKS v. THACKE & CO.

(Supreme Court, Appellate Term.   May 16, 1907.)

1. APPEAL — REVIEW — EXTENT — JUDGMENT BY DEFAULT OR ORDERS RELATING THERETO.

Where a judgment was entered by default after defendant had answered, and an order was entered denying his motion to open the default, both the order and judgment are before the court for review on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3465.]

2. JUDGMENT—OPENING DEFAULT—WAIVER OF RIGHT TO RELIEF.

Defendant's attorney asked to have his case transferred to another court, but refused to state his reasons, whereupon the court marked the case "Ready." He subsequently moved to open the default on the ground that he had been unable to secure a necessary and material witness, and stated that the justice had refused to send the case to another court. He then refused to try the case and withdrew from the courtroom. Held, that the motion was properly denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 257.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the North Side Iron Works against Thacke & Co. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Seymour Mork, for appellants.
Boudin & Liebman, for respondent.

SEABURY, J.   This is an appeal from a judgment in favor of the plaintiff, entered by default after the defendants had appeared and answered in the action.   The defendants moved to open the default, and an order was entered denying this motion.   Both the order and the judgment are now properly before us for review.   Bevins & Rogers' Appellate Court Practice, pp. 68, 69.

This default should not be opened.   The following extract from the record discloses what occurred before the defendant's default was taken:

"Defendants' Counsel:  I ask to have the case transferred to another court.
"The Court:  For what reason?
"Defendants' Counsel:  I decline to state at present my reasons.
"The Court:  Case marked 'Ready.'"

Subsequently the defendants moved to open the default, and assigned as a reason their inability to secure the presence at the trial of a necessary and material witness, and counsel recites in his affidavit that he—

"requested the justice presiding to send the case to another court to be tried, which the said presiding justice did not do.  Deponent then refused to try said action and withdrew from the courtroom."

This motion the justice denied, with $10 costs.   The action of the trial justice was entirely proper, and we are satisfied that he made a

correct disposition of the case. The practice pursued by the attorney for the appellants merits severe condemnation.

The judgment is affirmed, with costs. All concur.